UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KUBANYCH SADYRBAEV,

                    Petitioner,

        v.

WARDEN NORTHWEST ICE
PROCESSING CENTER, et al.,

                    Respondents.

CASE NO. 2:26-cv-02028-JHC

ORDER

This matter comes before the Court on Petitioner Kubanych Sadyrbaev's Motion for Temporary Restraining Order and Motion to Appoint Counsel.  Dkt. ## 4, 5.  The Court has reviewed the motions, pertinent portions of the record, and the applicable law.  For the reasons below, the Court DENIES both motions.

District courts may grant a temporary restraining order (TRO) "to preserve the Court's jurisdiction and to maintain the status quo" while the case is pending.  *See Alvarado v. Wamsley*, 2025 WL 3282423, at *1 (W.D. Wash. Nov. 25, 2025) (citing *A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025)).  For a TRO, a petitioner must establish: (1) "that [they are] likely to succeed on the merits"; (2) "that [they are] likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in [their] favor"; and (4) "that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also Stuhlbarg Int'l*

ORDER - 1

*Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the standard for issuing a TRO is "substantially identical" to that of a preliminary injunction).  In the Ninth Circuit, a petitioner can also be granted a TRO by showing that there are "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Here, it appears that a TRO is not warranted at this time.  While Petitioner has shown that there are "serious questions going to the merits" of his detention, he has not alleged that his removal or transfer is imminent, nor has he alleged any other facts that would indicate Petitioner must be immediately released for his health or safety.  *See generally* Dkt. ## 1, 4.  Petitioner indicated that he would have a merits hearing on June 10, 2026, presumably as to his asylum and related relief application; but this does not necessarily mean removal is imminent.[1]  *See* Dkt. # 4. Without an alleged imminent removal or other imminent harm, the Court sees no likelihood of suffering irreparable harm or threat to maintaining the status quo during the pendency of Petitioner's habeas petition.  For these reasons, the Court DENIES the Motion for Temporary Restraining Order without prejudice.

The Court also concludes that Petitioner has not shown he is financially eligible for appointment of counsel.  *See* 18 U.S.C. § 3006A(a)(2)(B); *see generally* Dkt. ## 1, 4. Accordingly, the Court DENIES the Motion to Appoint Counsel without prejudice.  The Clerk is DIRECTED to send Petitioner the Western District of Washington court form "2241 Immigration Petition for Writ of Habeas Corpus with instruction sheet, IFP Application, and

---

[1] Petitioner dated his TRO request on June 4, 2026.  *See* Dkt. # 4 at 6.  It was received by the Court June 9, 2026, and due to a docketing error, it was not entered until June 15, 2026.  *See* Docket.  The Court is unaware of the status of the June 10 merits hearing.

ORDER - 2

Application for Appointment of Counsel." Petitioner may file another request for appointment of counsel subject to his financial eligibility.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 15th day of June, 2026.

John H. Chun
United States District Judge

ORDER - 3