UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KUBANYCH SADYRBAEV,<br><br>Petitioner,<br><br>v.<br><br>WARDEN NORTHWEST ICE PROCESSING CENTER, et al.,[1]<br><br>Respondents. | CASE NO. 2:26-cv-02028-JHC<br><br>ORDER |

## I

## INTRODUCTION

This matter comes before the Court on Kubanych Sadyrbaev's Petition for Writ of Habeas Corpus. *See* Dkt. # 1. The Court has considered the materials filed in support of and in opposition to the Petition, the rest of the record, and the governing law. Being fully advised, for the reasons below, the Court DENIES the Petition.

[1] The full list of Respondents is: Warden of Northwest ICE Processing Center; Cammilla Wamsley, Director of the Seattle ICE Field Office; Todd Lyons, Acting Director of ICE; Markwayne Mullin, Secretary of the Department of Homeland Security; and Todd Blanche, then-Acting Attorney General of the United States.

## II

## BACKGROUND

Petitioner, a citizen of Kyrgyzstan, arrived in the United States in 2024 on an F-1 visa to study at Bellevue College, which he attended from September to December of that year. *See id.* at 12, ¶¶ 6–7. Petitioner then enrolled at Los Angeles City College in February 2025. *Id.* ¶ 8. According to the government, his F-1 visa was revoked on September 25, 2025, after he failed to enroll in a college after that. *See* Dkt. # 9 ¶ 5 (declaration of deportation officer Andre Ouk). On April 16, 2026, Air Force military police arrested Petitioner outside Joint Base Elmendorf–Richardson in Alaska after "confirming with [Immigration and Customs Enforcement (ICE)] that Petitioner was out of F-1 status and had no legal status in the United States." *Id.* ¶ 6. He was then transferred to ICE custody and moved to the Northwest ICE Processing Center on April 20, 2026, where has been detained since. *Id.* ¶¶ 7–9.

At a bond redetermination hearing on May 26, 2026, Immigration Judge (IJ) Tammy Fitting determined that Petitioner had not established that he was a not a danger or a flight risk. *See id.* ¶ 14; *see also* Dkt. # 10-3 at 2–3. The government filed an audio recording of the hearing with the Court. *See* Dkt. # 17. At the hearing, Petitioner's counsel stated that he was working as a delivery driver, had made an accidental wrong turn onto the base's driveway, and had been carrying cash since he had been paid for prior deliveries. *Id.* Ultimately, IJ Fitting stated that she found Petitioner to be a danger to the community and a flight risk because he was detained on a military base and had a large amount of cash on him. *Id.* On June 26, 2026, IJ Fitting ordered Petitioner removed to Kyrgyzstan. *See* Dkt. # 9 ¶ 15. Petitioner appealed the removal order on June 29, 2026. *See* Dkt. # 14-1 at 2.

Petitioner filed the instant petition on June 9, 2026, challenging IJ Fitting's decision to deny him bond and seeking immediate release. He raises six grounds for habeas relief: (1) Fifth

Amendment due process and unlawful, arbitrary detention; (2) misapplication of mandatory detention statutes under 8 U.S.C. § 1226(c); (3) failure to consider less-restrictive alternatives, for which he cites *Mathews v. Eldridge*, 424 U.S. 319 (1976); (4) violation of procedural due process for lack of reasoned explanation; (5) violation of substantive due process because the IJ made an "impermissible presumption of criminality from seized property," and; (6) "prejudice to right to a fair hearing / impairment of counsel access." Dkt. # 1 at 13–14 ¶¶ 16–21.

## III
## Discussion

Federal district courts have the authority to grant a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241 (a), (c). "The [habeas] petitioner carries the burden of proving by a preponderance of the evidence that [they are] entitled to habeas relief." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

Petitioner challenges the bond decision, which found that he was a flight risk and a danger to the community. *See* Dkt. # 17; Dkt. # 10-3 at 2–3. The Court reviews such determinations for abuse of discretion. *See Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024) (court review of "agency-found facts, like the 'dangerousness' determination," is "for an abuse of discretion."); *Soriano v. Hernandez*, 830 F. Supp. 3d 1071, 1080 (W.D. Wash. 2026) (reviewing flight risk determination for abuse of discretion) (citing *Martinez*, 124 F.4th at 779, 784–85)). "Under an abuse of discretion standard, '[a district court] cannot reweigh evidence . . . [but] can [only] determine whether the BIA," or the IJ, "applied the correct legal standard.'" *Martinez*, 124 F.4th at 785 (citation modified); *see id.* at 783 ("Even though what constitutes 'dangerousness' is malleable and involves agency discretion, . . . this is still a legal standard so long as federal courts can assess whether an IJ correctly applied the statutory

standard to a given set of facts."); *see also Lopez Reyes v. Bonnar*, 2018 WL 7474861, at *8 (N.D. Cal. Dec. 24, 2018) ("where the IJ misinterpreted or failed to consider probative evidence, the Court may review such errors under its habeas review.").

Here, the IJ provided Petitioner with reasons for the denial of bond at the hearing. *See* Dkt. # 17. She considered Petitioner's wide-ranging travels across the United States, that he had apparently contravened the terms of his F-1 visa, his counsel's assurances that he would have sponsors for his asylum application, and that he was detained on the grounds of a military base, among other reasons. *See id.* Because the IJ considered these factors during the proceeding, the Court cannot conclude that her decision was illogical, implausible, or without support in inferences that may be drawn from the record. *See Martinez*, 124 F.4th at 784–85. Further, much of Petitioner's briefing argues that the government lacks a basis to detain him under § 1226(c), which provides for mandatory detention—but as the government argues, he is detained under § 1226(a), which provides for discretionary detention. Thus, Petitioner has not shown by a preponderance of the evidence that he is in custody in violation of the laws of the United States.

## IV

## CONCLUSION

For these reasons, the Court DENIES the petition at Dkt. # 1.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 17th day of August, 2026.

John H. Chun
United States District Judge